**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

AARON MEJIA,

       Plaintiff,

v.

                        Case No. 26-cv-370-NJR

JEREMIAH BROWN and
JOHN DOE #'s 1-6,

       Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Aaron Mejia, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Mejia alleges that Defendants used excessive force and failed to obtain medical care for him after the assault. He raises claims pursuant to the Eighth Amendment and Illinois state law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

On February 19, 2025, Mejia alleges that six unknown tactical team members (identified as John Doe #'s 1-6) approached his cell, R8-BL-21, to extract him from the cell (Doc. 1, p. 5). All of the officers were wearing black uniforms, helmets, and protective gear (*Id.* at p. 6). John Doe #1 repeatedly deployed pepper spray into Mejia's cell (*Id.*). John Doe #6 held a video camera and recorded the incident (*Id.*). Because Mejia was subjected to pepper spray, he was unable to see the identities of the officers (*Id.*). After deploying pepper spray, John Doe #'s 1-5 entered Mejia's cell and placed him on the floor (*Id.*). They restrained him by placing handcuffs and leg shackles (*Id.* at pp. 6-7). Mejia maintains that at that point he was fully restrained (*Id.* at p. 7).

After restraining Mejia on the floor, one of the officers stated: "you're about to get yours." (Doc. 1, p. 7). The officers began punching, kneeing, and kicking Mejia (*Id.*). Mejia maintains that this was done maliciously and sadistically to injure him (*Id.*). The officers then transported Mejia to the segregation unit (*Id.* at p. 8). Despite still being fully restrained, the officers continued to beat Mejia (*Id.*). Mejia maintains that John Doe #6 was present and had an opportunity to intervene in the other officers' use of force but failed to do so. He also alleges that any of the officers could have stopped one another but failed to do so (*Id.*).

As a result of the use of force, Mejia suffered a broken nose, concussion, lacerations to his hands, ankles, and head, bruising, and chemical burns (Doc. 1, p. 9). At one point he was rendered unconscious by the blows to his head (*Id.*). None of the officers sought to obtain medical care for his injuries and left him covered in pepper spray (*Id.*). Staff in

2

segregation ignored his injuries and requests for help until February 20, 2025, when a

sergeant saw his injuries and contacted the nurse (*Id*. at p. 11). Mejia was transported to

a local hospital for treatment (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court designates the following

counts:

| | |
|---|---|
| **Count 1:** | **Eighth Amendment excessive force claim against John Doe #'s 1-5 for their use of force against Mejia on February 19, 2025.** |
| **Count 2:** | **Eighth Amendment failure to intervene claim against John Doe #6 for his failure to intervene in the use of force against Mejia on February 19, 2025.** |
| **Count 3:** | **Illinois state law claims for assault and battery against John Doe #'s 1-5.** |
| **Count 4:** | **Eighth Amendment deliberate indifference to medical needs claim against John Doe #'s 1-6 for their failure to obtain medical care for Mejia after the use of force incident.** |
| **Count 5:** | **Illinois state law negligence claim against John Doe #'s 1-6 for breaching their duty of care to Mejia by failing to obtain medical care.** |

The parties and the Court will use these designations in all future pleadings and orders,

unless otherwise directed by a judicial officer of this Court. **Any other claim that is**

**mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

**Counts 1 and 3**

At this stage, Mejia states viable claims for excessive force and assault and battery against John Doe #'s 1-5. Mejia alleges that the officers beat him after he was fully restrained on the ground, suggesting that the force was used "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). The same allegations also adequately state an assault and battery claim under Illinois state law. *Shea v. Winnebago County Sheriff's Department*, No. 17-3078, 746 F. App'x 541, 548 (7th Cir. Aug. 16, 2018) (discussing assault and battery under Illinois law). Because the allegations derive from the same allegations as the federal claim, Count 3 also will proceed against the unknown officers. *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).

**Count 2**

Mejia also states a claim against John Doe #6 for his failure to intervene in the use of force. An official can be liable for failing to intervene in an assault if they "have a realistic opportunity to step forward and prevent" another official from using "excessive force but fail to do so." *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Here, Mejia alleges that John Doe #6 was present during the entire incident and filmed the incident

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

with a video camera but failed to take any action to stop the use of force. Thus, Count 2

shall proceed against John Doe #6.[2]

**Count 4**

Mejia states a viable deliberate indifference claim against the unknown

correctional officers for their failure to provide him with medical care after the use of

force. He alleges that all six officers were present and saw the extensive injuries that he

suffered as a result of their use of force, but they failed to obtain medical care for him. *See*

*Giles v. Godinez*, 914 F. 3d 1040, 1049 (7th Cir. 2019). Thus, Count 4 shall proceed against

John Doe #'s 1-6.

**Count 5**

Finally, Mejia alleges that Defendants acted with negligence in failing to obtain

medical care after their use of force. Under Illinois law, to state a claim for negligence, a

complaint must allege facts to establish that the defendant owed the plaintiff a duty of

care, breached that duty, and that the breach was the proximate cause of the plaintiff's

injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011). Mejia adequately alleges that the

officers had a duty to obtain medical care for him but breached that duty in violation of

Illinois law. Thus, Count 5 shall proceed against John Doe #'s 1-6.

Mejia indicates that he identified Warden Jeremiah Brown as a defendant for the

sole purpose of responding to discovery aimed at identifying the John Doe Defendants

---

[2] Mejia also alleges that if John Doe #'s 1-5 did not directly participate in the use of force then each had the opportunity to stop the others from using force (Doc. 1, pp. 13-14). But Mejia alleges that the five officers actually used force during the incident and thus the excessive force claim shall proceed against John Doe #'s 1-5. Any claim that they also failed to intervene is **DISMISSED** as duplicative.

(Doc. 1, p. 5). Thus, Jeremiah Brown shall remain in the case (in his official capacity only), but any other claim against Brown is **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Counts 1 and 3 shall proceed against John Doe #'s 1-5. Count 2 shall proceed against John Doe #6. Counts 4 and 5 shall proceed against John Doe #'s 1-6. Jeremiah Brown will remain in the case in his official capacity to help identify the John Does.

The Clerk of Court shall prepare for Jeremiah Brown (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Brown at Lawrence Correctional Center. If Brown fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him, and the Court will require Brown to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because Warden Brown is only in the case to respond to discovery aimed at identifying the John Doe correctional officers, he need not file an Answer. Once counsel has entered an appearance for Brown, the Court will enter a scheduling order set forth instructions and deadlines for John Doe discovery.

Because Mejia's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Mejia, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Mejia is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 13, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your Complaint. After service has been achieved, the defendant will enter an appearance. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**